

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. O. Booth, Chief Veterinarian
Livestock Sanitary Commission
W. T. Waggoner Building
Fort Worth, Texas

Dear Sir:

Opinion No. O-4406
Re: The appropriation account
out of which expenses of
moving the State Veteri-
nary Laboratory should be
paid.

Permit us to quote your letter of February 9, 1942,
requesting an opinion from this department. It reads:

"During the month of December, 1941, it was
necessary that we move the State Veterinary Labora-
tory from one building to another, located in the
city of Fort Worth.

"During this movement it was necessary that we
employ an electrician and a plumber to take down cer-
tain of our equipment and install it in the new
location.

"We received bids for each of these two activi-
ties and gave the work to the lowest bidder, with the
approval of the State Board of Control. We have sub-
mitted to the Comptroller the accounts of the elec-
trician and the plumber and today we received back
a letter from the Comptroller as follows:

"'I am returning the account of the Schoot
Electric Company. It is drawn out of an incorrect
appropriation * * * .'

"It would seem to us that the expense of install-
ing equipment would come within the appropriation for
equipment and supplies for the laboratory. We would

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

appreciate very much your opinion as to the proper fund from which to pay these accounts.

"The Comptroller has also turned down the account of moving the laboratory and equipment from one building to another, which we charged to the laboratory equipment and supplies account, and indicated that this account should be paid out of our regular office expense account."

As we construe your letter, no new laboratory equipment or supplies is in any way involved. Present equipment has merely been moved to a new location.

Senate Bill 423, Acts of the 47th Legislature, contains the appropriations to the Livestock Sanitary Commission. Under the heading "Maintenance and Miscellaneous" there appear these two items:

"106. Laboratory equipment and
supplies . . . . . . . . . . $2500.00 - $2500.00

" * * *

"109. Rent, telephone, postage, office & contingent expense.$6200.00 - $6200.00."

There is no specific appropriation for expenses incident to moving the State Veterinary Laboratory. This type of expense is infrequent, usually not foreseeable, and was not specifically provided for by the Legislature. Expenses of such nature were intended to be included within and paid out of contingent expense appropriations.

Moving laboratory equipment is obviously not the purchase of new equipment or laboratory supplies; it does not involve the installation of newly purchased laboratory equipment. It is our opinion that the appropriation item "laboratory equipment and supplies" was intended to cover the purchase of new equipment or new supplies and, of course, the necessary installation of such new purchases. It was not intended to cover the installation of old equipment involved in a change of location of the laboratory.

It is therefore our opinion that the expenses described in your letter should be paid out of the "office and contingent expense" appropriation to the Livestock Sanitary Commission.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s)  Zollie C. Steakley
                        Assistant

ZCS:ej

APPROVED FEB. 18, 1942
(s)  Grover Sellers
First Assistant Attorney
General

APPROVED
Opinion Committee
By  B.W.B. Chairman